**Vermont Division of State Buildings v. Town of Duxbury**

[494 A.2d 142]

No. 84-260

Present: Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 19, 1985

*John J. Easton, Jr.,* Attorney General, and *Elizabeth Dennis Anderson,* Assistant Attorney General, Montpelier, for Plaintiff-Appellant.

*Robert J. Kurrle,* Montpelier, for Defendant-Appellee.

Hill, J. The Vermont Division of State Buildings (State) has responsibility for land and buildings owned by the State of Vermont and located in the Town of Duxbury (Town). Prior to 1971, the land was farmed to produce food for the Vermont State Hospital whose principal location is in Waterbury. Since 1971, the State has leased part of this property to a private individual who has used it to produce dairy products for sale in the general market. Another portion of the property consists of camp buildings which are still used in connection with the State Hospital.

For 1981–82, the Town assessed real estate taxes on the fair market value of the State's land and buildings. The State paid these taxes under protest, and appealed from the assessment to the Duxbury Board of Listers, the Duxbury Board of Civil Authority, and the Washington Superior Court. In superior court, the State requested, inter alia, a declaratory judgment that the farm property under lease, as well as the camp buildings, are exempt from taxation by the Town. The court declared the leased farm land and buildings exempt from taxation, and found the camp buildings not exempt. Both parties appealed. We conclude that all the land and buildings at issue in this appeal are exempt from taxation by the Town and, therefore, we affirm in part and reverse in part.

The parties agree that all real and personal estate owned by the State shall be exempt from taxation except as otherwise provided. 32 V.S.A. § 3802(1). The Town claims, however, that 32 V.S.A. § 3832(5) provides an exception to the general exemption, which renders the leased farm land taxable. That statute provides as follows:

> The exemption from taxation of real and personal estate granted, sequestered or used for public, pious or charitable uses shall not be construed as exempting:
>
> . . . .
>
> (5) Real and personal property held by the state and located in any town other than that in which the institution of which it forms a part is located.

32 V.S.A. § 3832.

██ This exception is not applicable to state-owned land and buildings exempt under 32 V.S.A. § 3802(1). The exceptions found in 32 V.S.A. § 3832 apply only to the exemption for "public, pious or charitable uses" which is found in 32 V.S.A. § 3802(4). The claimed exception in 32 V.S.A. § 3832(5) thus provides no authority to tax the land and buildings owned by the State of Vermont and located in the Town of Duxbury. Thus, all of the land and buildings at issue in the present case are exempt from taxation by the Town.

*Affirmed in part; reversed in part.*